UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH W., <br> on behalf of MATTHEW W., <br><br> Plaintiff[1] <br><br> v. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:23-cv-00204-JDL <br> ) <br> ) <br> ) <br> ) <br> ) |

REPORT AND RECOMMENDED DECISION

When a Social Security claimant has a hearing before an administrative law judge (ALJ), a vocational expert (VE) is usually called to testify. If a VE testifies, the claimant "has the right to review and respond to the VE evidence prior to the issuance of [the ALJ's] decision." SSR 96-9p, 1996 WL 374185, at *9 n.8 (July 2, 1996). The question presented by this appeal is whether the claimant has the right to submit rebuttal vocational evidence at any point before a decision issues or whether an ALJ may set a deadline for such evidence. I conclude that the ALJ may set a reasonable deadline for the submission of rebuttal vocational evidence and, on that basis, recommend that the Court affirm the decision at issue.

## I. Background

After a rather tortured progression through the administrative process that

---

[1] Matthew W., the claimant, died during the pendency of the administrative proceedings at issue. *See* Record at 19. His father Kenneth W. stepped in as a substitute party. *See id.* For the sake of simplicity, I will refer to them both as "the Plaintiff" in this recommended decision.

1

included a remand by the Appeals Council, an ALJ held a hearing on the Plaintiff's claims for benefits in July 2021 at which a VE testified. *See* Record at 16, 115-34. During the hearing, the ALJ set a deadline of August 2, 2021, for post-hearing briefing and specified that the deadline "also encompasse[d] any rebuttal arguments, affidavits, or evidence concerning [VE] testimony, job numbers, or the like from [the Plaintiff's counsel] or any third party." *Id.* at 121-22. She warned that if she did not receive evidence or a written extension request by August 2, 2021, she would "issue a decision without considering anything filed after that date unless good cause is shown for failure to meet the deadline." *Id.* at 122. At the end of the hearing, the ALJ extended the deadline to August 3, 2021, at the request of the Plaintiff's counsel. *Id.* at 134.[2]

On August 4, 2021, after the deadline expired, the Plaintiff submitted a rebuttal affidavit from VE David Meuse accompanied by a letter citing SSR 96-9p. *See id.* at 18, 800. The ALJ deemed the Meuse affidavit untimely and declined to admit it into the record. *See id.* at 18-19, 801. In her decision denying benefits, the ALJ acknowledged the Plaintiff's argument that SSR 96-9p "provides a basis for submitting VE rebuttal evidence at any point prior to issuance of a decision" but found the argument "unpersuasive." *Id.* at 18. She explained that such a reading of SSR 96-9p "runs contrary to the notion of being able to close the record following [a]

---

[2] The ALJ did not acknowledge this change to the deadline in her decision, *see* Record at 18, but the Plaintiff does not assign any error to that fact and any error is harmless given that he concededly still submitted his rebuttal vocational evidence after the revised deadline, *see* Plaintiff's Brief (ECF No. 8) at 5 ("After the deadline had expired, [the Plaintiff's] representative submitted a vocational affidavit, with a related cover letter and resume." (cleaned up)).

hearing and could unduly delay a claimant's case." *Id.* She also pointed out that SSR 96-9p was part of a broader regulatory framework that gives ALJs authority to control the timing of evidence and requires claimants' counsel to submit evidence in an efficient and timely manner. *See id.* at 18-19.

The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Discussion

The Plaintiff contends that the ALJ violated his due process rights by "refus[ing] to allow [him] to respond and object to the [VE's] testimony post-hearing." Plaintiff's Brief at 4.[3] He argues that the plain language of SSR 96-9p puts no time constraint on the submission of rebuttal vocational evidence except that it be submitted before a decision issues, and he points to several decisions from this Court that purportedly support his interpretation. *Id.* at 4-6. He also accuses the ALJ of violating the informal and nonadversarial nature of disability proceedings and improperly applying the so-called five day rule in refusing to consider the Meuse affidavit. *Id.* at 5-9; Reply Brief (ECF No. 13) at 1-7.

As mentioned, SSR 96-9p, 1996 WL 374185, at *9 n.8, provides that

---

[3] Apart from citing a few cases for the unremarkable proposition that Social Security claimants are entitled to due process, the Plaintiff does not delve deeper into the requirements of due process. *See* Plaintiff's Brief at 4. His argument seems to be that the ALJ ipso facto violated his due process rights by violating SSR 96-9p. *See* Plaintiff's Brief at 9 ("The ALJ's failure to consider the post-hearing objection and evidence violated SSR 96-9p and, therefore, [the Plaintiff's] right to due process."). In other words, by his own description, the success of the Plaintiff's due process argument turns on the success of his SSR 96-9p argument. In these circumstances, I need only resolve whether the ALJ violated SSR 96-9p.

3

"[w]henever a VE is used, the [claimant] has the right to review and respond to the VE evidence prior to the issuance of a decision." The ALJ held that this "does not mean the [claimant] has the right to respond to the VE evidence continuously prior to the issuance of the decision, but instead that [an] opportunity to respond (of unspecified length) be provided prior to the issuance of a decision." Record at 18. The Plaintiff disagrees, arguing that SSR 96-9p provides "that a claimant may respond and object to a [VE's] testimony at any time prior to the issuance of a decision." Plaintiff's Brief at 5 (cleaned up).

In support of his "at any time" interpretation, the Plaintiff relies primarily on *Patrick S. v. Saul*, No. 1:18-cv-289-DBH, 2019 WL 3814283, at *1 (D. Me. Aug. 14, 2019), a decision in which Judge Hornby stated that claimants have the right to submit rebuttal vocational evidence "up until the [ALJ's] decision issues." *Patrick S.*, however, was a different kettle of fish. Unlike here, the ALJ in *Patrick S.* did not set a clear deadline for rebuttal vocational evidence and failed to even acknowledge the post-hearing evidence submitted by the claimant. *See id.* at *2, *4 n.3. The Commissioner attempted to justify the ALJ's omission by arguing that the claimant failed to explain what unexpected circumstance prevented him from submitting the rebuttal vocational evidence five days before the hearing in accordance with the five-day rule. *Id.* at *1-3. But Judge Hornby rejected that argument both because it was a post hoc rationalization and because, "[b]y definition," rebuttal vocational evidence cannot be submitted prehearing "since the

4

claimant has no clue to what the [VE] will testify until the end of the hearing." *Id.* at \*3-4 (cleaned up).

In deciding *Patrick S.*, Judge Hornby did not resolve the question of whether an ALJ may set a deadline for the filing of rebuttal vocational evidence. *See Patricia H. v. Kijakazi*, No. 1:23-cv-00117-JDL, 2023 WL 6172252, at \*2 (D. Me. Sept. 22, 2023) ("Although [Judge Hornby] in a footnote in *Patrick S.* raised the question of whether an ALJ could set a deadline for the filing of post-hearing vocational evidence, because the ALJ had not set a deadline, [he] was not required to and did not answer the question."), *aff'd*, 2023 WL 7002403 (Oct. 24, 2023). Accordingly, I am not persuaded that he intended to resolve the issue when he paraphrased SSR 96-9p and inserted the words "up until." *See, e.g.*, *Arcam Pharm. Corp. v. Faría*, 513 F.3d 1, 3 (1st Cir. 2007) ("Dictum constitutes neither the law of the case nor the stuff of binding precedent; rather, it comprises observations in a judicial opinion or order that are not essential to the determination of the legal questions then before the court." (cleaned up)).

Indeed, as the Commissioner points out, *see* Commissioner's Brief (ECF No. 12) at 2, a year after *Patrick S.* was decided, this Court noted that "courts have not interpreted SSR 96-9p . . . to categorically require an ALJ to consider all post-hearing evidentiary submissions that respond to VE testimony," *Phillip W. v. Saul*, No. 2:19-cv-00258-JDL, 2020 WL 7647472, at \*3 (D. Me. Dec. 23, 2020).[4] "Instead," the

---

[4] The Plaintiff correctly points out that the Court made the quoted statement in *Phillip W.* after the case was remanded on a different issue and in the context of deciding whether the Commissioner's position was substantially justified. *See* Reply Brief at 4-5. Be that as it may, the Court would not have made such a statement if—as the Plaintiff now argues—*Patrick S.* definitively resolved the issue

5

Court explained, courts have held "that (1) an ALJ cannot categorically refuse a request to consider evidence simply because it is submitted after the hearing has concluded, but (2) neither may a claimant ignore the deadlines set by the ALJ for submission of rebuttal vocational evidence and file new materials at any time, without justifying the late submission of the supplemental affidavit." *Id.* (cleaned up).[5]

The framework outlined in *Phillip W.* is consistent with the plain language of SSR 96-9p, which merely provides that a claimant has the right to respond to VE testimony "prior to the issuance of a decision" and does not include the words "at any time" or "up until." That an ALJ may set a reasonable deadline for rebuttal vocational evidence is further confirmed by 20 C.F.R. §§ 404.944 and 416.1444, which provide that an ALJ has the discretion to reopen the record "at any time" prior to issuing a decision—which must conversely mean that the ALJ has the authority to close the record at some point. Those regulations also underscore that the ALJ has the authority to "decide when the evidence will be presented." 20 C.F.R. §§ 404.944, 416.1444.

---

of whether a claimant has the right to submit rebuttal vocational evidence at any time before the ALJ's decision issues.

[5] The more recent decisions cited by the Plaintiff did not resolve the issue of whether an ALJ may set a clear deadline for the submission of rebuttal vocational evidence. *See Katherine L. v. Kijakazi*, No. 2:20-cv-00439-JAW, 2022 WL 153272, at *3 n.3 (D. Me. Jan. 17, 2022) (rec. dec.) ("[T]his case presents no occasion to address the question whether, if an ALJ sets a clear deadline for submission of rebuttal vocational evidence, the ALJ may exclude such evidence if untimely submitted."), *aff'd*, 2022 WL 523415 (D. Me. Feb. 22, 2022); *Joseph C. v. Kijakazi*, No. 2:20-cv-00354-NT, 2022 WL 153252, at *4 (D. Me. Jan. 17, 2022) (rec. dec.) ("[The court] need not consider whether, as the commissioner argues, a claimant may not ignore a deadline explicitly set by the ALJ for the submission of post-hearing rebuttal vocational evidence . . . ." (emphasis omitted)), *aff'd*, 2022 WL 313888 (D. Me. Feb. 2, 2022); *see also Patricia H.*, 2023 WL 6172252, at *2 ("Regardless of whether an ALJ has the authority to set a deadline for rebuttal vocational evidence, remand in this case is appropriate.").

And if there are any lingering doubts, this Court must interpret SSR 96-9p in a way that avoids absurd results. *Cf. United States v. Wilson*, 503 U.S. 329, 334 (1992) (noting that "absurd results are to be avoided" when interpreting a statute); *Arevalo v. Ashcroft*, 344 F.3d 1, 8 (1st Cir. 2003) ("[C]ourts are bound to interpret statutes whenever possible in ways that avoid absurd results."). The drafters of SSR 96-9p could not have intended the ruling to authorize a plaintiff to submit rebuttal vocational evidence in contravention of a clear deadline set by the ALJ—such a construction would be inconsistent with the ALJ's authority to close the record and control the timing of evidence and would nonsensically force the ALJ to expend time and resources drafting a decision that might be upended at any moment by the surprise submission of rebuttal vocational evidence.

The Plaintiff argues that even if ALJs may set a deadline for rebuttal vocational evidence, the ALJ's decision in this case not to consider the late-submitted Meuse affidavit was contrary to the informal and nonadversarial nature of disability proceedings. *See* Plaintiff's Brief at 8-9. This argument might have had more teeth if the Plaintiff had asserted that he was unable to meet the deadline, but he did not. *See* Record at 800. Rather, the only justification he offered for not meeting the deadline was that SSR 96-9p gave him the right to ignore it. *See id.* at 18, 800. The ALJ correctly rejected that justification, and, in absence of any other justification, cannot be said to have abused her discretion in declining to consider the late-submitted Meuse affidavit.[6] *See Phillip W.*, 2020 WL 7647472, at *3 (noting that

---

[6] In his reply brief, the Plaintiff notes that it took the ALJ more than ten months after the hearing to issue her decision and argues that this fact alone makes the ALJ's decision not to consider his untimely

7

a claimant may not "ignore the deadlines set by the ALJ for submission of rebuttal vocational evidence and file new materials at any time, without justifying the late submission of the supplemental affidavit").

Finally, the Plaintiff accuses the ALJ of incorrectly invoking the five-day rule when declining to consider the Meuse affidavit. *See* Plaintiff's Brief at 5-6; Reply Brief at 1-4. In making this argument, he highlights a statement by the Commissioner that the five-day rule does not apply to post-hearing written statements. *See* Plaintiff's Brief at 5 (citing Ensuring Program Uniformity, 81 Fed. Reg. 90987, 90991 (Dec. 16, 2016)). This argument founders because the ALJ invoked the five-day rule to exclude certain medical evidence, not the Meuse affidavit. *See* Record at 16-19. The ALJ's decision makes clear that she declined to consider the Meuse affidavit because it was submitted after the deadline she set for such evidence, not because the Plaintiff failed to notify her about the evidence ahead of the hearing.[7] *See id.* at 18-19.

In summary, I conclude that the ALJ had the authority to set a deadline for the submission of rebuttal vocational evidence and that she did not abuse her

---

rebuttal vocational evidence unreasonable. *See* Reply Brief at 5-7. I am not persuaded that the length of time it took the ALJ to make her decision ex post facto excused the Plaintiff's failure to comply with the deadline. *Cf. Brownell v. Berryhill*, No. 17-11462-FDS, 2018 WL 615662, at *2 (D. Mass. Jan. 29, 2018) ("The fact that the ALJ may be slightly behind on his caseload is not permission to submit additional evidence that could have been submitted while the record was open.").

[7] I am not persuaded by the Plaintiff's argument that the ALJ invoked the five-day rule by merely citing SSR 17-4p and HALLEX I-2-7-20. *See* Reply Brief at 3. SSR 17-4p mentions the five-day rule, but also discusses a representative's additional responsibility to act with reasonable promptness. *See* SSR 17-4p, 2017 WL 4736894, at *4 (Oct. 4, 2017). And HALLEX I-2-7-20 sets forth a procedure for setting deadlines for the submission of post-hearing evidence in accordance with 20 C.F.R. §§ 404.935(b) and 416.1435(b), *see* HALLEX I-2-7-20, 1993 WL 751909 (last updated May 1, 2017), which is entirely consistent with the Commissioner's policy that "if an ALJ introduces new evidence at or after a hearing, the claimant [can] use the exception in 20 C.F.R. [§§] 404.935(b)(3) and 416.1435(b)(3) to submit rebuttal evidence," Ensuring Program Uniformity, 81 Fed. Reg. 90987, 90991.

discretion in declining to consider the evidence submitted after that deadline.

### III. Conclusion

For the foregoing reasons, I recommend that the Court **AFFIRM** the Commissioner's decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 25, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge